**Juan De Dios AGUIAR–ARELLANO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72438.

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 2008 *.

Filed Aug. 5, 2008.

Jaime Jasso, Esq., California Alien Rights Project, LLC, Immigration Appealsworks, Westlake Village, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Petitioner Juan de Dios Aguiar–Arellano (Aguiar) petitions for review of (1) the final order of the Board of Immigration Appeals (BIA) affirming the denial of his application for suspension of deportation and (2) the decision of the Legalization Appeals Unit (LAU)[1] dismissing his appeal of the denial of his Special Agricultural Worker (SAW) application. Because the parties are familiar with the facts, we do not recite them here except as necessary to explain our decision.

We have jurisdiction to review the BIA's final order pursuant to 8 U.S.C. § 1252 and the LAU's final order pursuant to 8 U.S.C. § 1160(e)(3)(A), *Perez–Martin v. Ashcroft,* 394 F.3d 752, 757 (9th Cir.2005). When reviewing the LAU's decision, "the findings of fact and determinations contained in such record shall be conclusive unless the applicant can establish abuse of discretion or that the findings are directly contrary to clear and convincing facts contained in the record considered as a whole." 8 U.S.C. § 1160(e)(3)(B).

*A. LAU Appeal*

Aguiar contends that he was denied due process as the notices pertaining to the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. LAU is now the Administrative Appeals Unit.

denial of his SAW application were not sent to his last known address as required by the regulations.

In its decision, the LAU determined that the Notice of Denial (NOD) was sent to the address on record. The documents in the record are not directly contrary to this finding. Aguiar's statement on his first notice of appeal stated in relevant part, "[a]s soon as I receipted your notification for appeal. . . ." The only excuse he provided for his untimeliness in his two notices of appeal was that he had trouble reaching his former employer and had to drive a long way to get additional evidence. The LAU's factual finding that the NOD was properly sent was not directly contrary to clear and convincing facts in the record taken as a whole.

Thus, even if we count the time for appeal from November 23, 1991, Aguiar's notice of appeal was untimely, and the appeal was properly dismissed. He did not file his notice of appeal until September 8, 1992, well after the appeals period ended. *See* 8 C.F.R. §§ 103.3(a)(3)(i), 103.5a(b).

### B. BIA Appeal

The BIA did not err in concluding that Aguiar's administrative voluntary departure was valid. The deadline for appeal of the denial of his SAW application had passed, and the denial was final. Thus, Aguiar was in the country illegally. Furthermore, according to the border patrol agent's report, Aguiar acknowledged that he knew that his amnesty application was denied though he did not know why. The record also includes a form in Spanish that he signed admitting that he was in the United States illegally, giving up his right to a hearing before an IJ, and requesting voluntary departure back to Mexico. The

BIA did not err in concluding that Aguiar's voluntary departure was neither coerced nor improper.

Consequently, Aguiar's administrative voluntary departure cut off his continuous presence in the United States, *Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 973–74 (9th Cir.2003), and he failed to meet his burden to show the seven-year continuous presence required to be eligible for suspension of deportation.

PETITIONS DENIED.